## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **THOMAS EDWARD KOTEWA,** ) | |
| ) | |
| **Plaintiff,** ) | No. 3:10-cv-0923 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| **CORRECTIONS CORPORATION OF** ) | |
| **AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## M E M O R A N D U M

Before the court is a motion to reconsider the court's order of October 14, 2010 and a supplement to that motion filed by the plaintiff. (Docket Nos. 12 and 14). The plaintiff, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, brings this action under 42 U.S.C. § 1983 (Docket No. 1) and seeks to proceed as a pauper (Docket No. 2). On October 14, 2010, the court denied the plaintiff's application to proceed *in forma pauperis* because the plaintiff has accumulated "three strikes" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g,) and the plaintiff has failed to allege that he is under imminent danger of serious bodily harm (Docket No. 3).

In its order denying the plaintiff's application to proceed *in forma pauperis*, the court instructed the plaintiff to submit to the court the full three hundred fifty dollar ($350.00) filing fee within thirty (30) days of the date of service of the court's order of October 14, 2010. (*Id.*) The court advised the plaintiff that an extension of time to pay the $350.00 filing fee could be requested from this court if a motion for an extension of time was filed within thirty (30) days of the date of entry of the court's order of October 14, 2010. *(Id.)*

The court received a letter from the plaintiff dated November 7, 2010, (Docket No. 8), in which the plaintiff asked for a status update on this case. By order entered on November 18, 2010, the court construed the plaintiff's letter as a motion for an extension of time to submit the full civil filing fee, which the court granted. (Docket No. 9). In its order granting the motion for an extension of time, the court instructed the plaintiff to submit the full civil filing fee of three-hundred and fifty dollars ($350.00) within thirty (30) days of the service of the court's order. (*Id*.) The court specifically warned that no further extensions of time would be granted. (*Id*.) The court further warned the plaintiff that failure to remit the full $350.00 filing fee by the date specified would result in this action being dismissed, and the full amount of the filing fee nevertheless assessed against the plaintiff. (*Id*.)

The plaintiff now has submitted a "Motion for Reconsideration or Alternative[ly] a Request for Certificate of Appealability" in which he asks the court to revisit its earlier determination that the plaintiff is a "three striker" under the PLRA. (Docket No. 12). The plaintiff has also filed a supplement to his motion to reconsider (Docket No. 14). In its order finding that the plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), the court determined that the plaintiff has, on at least three prior occasions, filed a civil action that has been dismissed as frivolous or malicious or for failure to state a claim. (Docket No. 3). The court identified those cases as follows: *Kotewa v. White,* No. 07-00272 (E.D. Tenn. 2007)(dismissed for failure to state a claim); *Kotewa v. Easterling,* No. 1:08-cv-01141 (W.D. Tenn. 2009)(dismissed as frivolous); *Kotewa v. Lindamood,* No. 1:10-cv-00016 (M.D. Tenn. 2010)(dismissed for failure to state a claim).

In his motion, the plaintiff first contends that the court's dismissal of his action in Case No. 1:10-cv-00016 should not count as a "strike" under the PLRA because the plaintiff never filed a

complaint in that action; rather, the plaintiff only filed a motion for injunctive relief. (Docket No. 12). However, the plaintiff's argument makes a distinction without any legal relevance. The statute provides that a prisoner cannot proceed as a pauper "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought **an action** or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g)(emphasis added).

When the plaintiff sought injunctive relief by motion filed in Case No. 1:10-cv-00016, he initiated "an action . . . in a court of the United States" which the court then dismissed for failure to state a claim upon which relief could be granted. (*See* Case No. 1:10-cv-00016, Docket No. 4)("In the absence of factual allegations suggesting that the plaintiff has been denied his right of access to the courts, the plaintiff has failed to state a claim upon which relief can be granted. The Court, therefore, is obliged to deny the plaintiff's Motion for Preliminary Injunction and dismiss this action. 28 U.S.C. § 1915(e)(2)."). Thus, regardless of whether the plaintiff filed a "formal complaint" (Docket No. 12 at p.1) or not, the court's dismissal of the plaintiff's action (which the plaintiff initiated by filing a motion for injunctive relief) counts as a "strike" under the PLRA.

The plaintiff additionally alleges that the dismissal of his action in in *Kotewa v. Easterling,* No. 1:08-cv-01141 (W.D. Tenn. 2009), should not count as a "strike" under the PLRA because the plaintiff did not initiate the litigation in federal court; the plaintiff initially filed suit in state court and the defendants removed to federal court, where the court ultimately dismissed the plaintiff's claims as frivolous. (Docket No. 14 at p.2). While the plaintiff's argument, on its face, warrants careful consideration, the plaintiff overlooks that the district court in Case No. 1:08-cv-01141

3

specifically and unequivocally addressed the precise issue raised herein by the plaintiff. The court, in a section of its memorandum opinion entitled "Assessment of Strike Under 28 U.S.C. § 1915(g)," explained:

> For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

*Kotewa v. Easterling,* No. 1:08-cv-01141 (W.D. Tenn. 2009)(Docket No. 55 at pp. 16-17). The plaintiff did not appeal the court's decision, thus, the order of the court stands.

Other courts similarly have found that, in a situation where an action filed by a prisoner in state court is removed by a defendant to federal court and later dismissed, the dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Farnsworth v. Washington State Dep't of Corrections,* 2007 WL 1101497 (W.D. Wash. April 9, 2007)[1]; *Bartelli v. Beard*, 2008 WL 4363645 (M.D. Pa. Sept. 24, 2008)[2]. The courts' reasoning for assessing a strike in this situation is that, if the plaintiff were allowed to proceed in federal court with disregard to the three strike rule simply because his complaint was originally filed *in forma pauperis* in state court, and then removed to federal court, "he could continue to file, without paying the filing fee, civil rights actions in state court in order

---

[1] "Specifically, plaintiff argues that because he originally brought that case in state court, an subsequently sought remand from federal court, the case cannot be used as a strike for purposes of section 1915(g). Plaintiff's argument is misguided. While he may not have intended to bring an action before a Court of the Unites [sic] States, the unfortunate consequences of bringing a federal civil rights action in state court is that it generally may be removed by defendants to federal court, thereby subjecting a plaintiff to the three strikes rule." *Id.* at *1.

[2] "We find that since Plaintiff Bartelli has requested and was granted permission to proceed *in forma pauperis* in the state court, and since his case has been removed to federal court without him being required to pay the filing fee, he is now proceeding under the PLRA and is subject to the constraints of § 195(g), which 'limits a prisoner's ability to proceed *in forma pauperis* if the prisoner abuses the judicial system by filing frivolous actions [on three or more prior occasions].'" *Id.* at *5.

4

to circumvent the three strike rule which has been applied to him, barring him from filing *in forma pauperis* such actions in federal court pursuant to 28 U.S.C. § 1915(g)." *Bartelli*, 2008 WL 4363645, at *6. As one court explained: "The implications of permitting the continuous filings of actions in state court to bypass the three strike rule imposed against [a plaintiff] in federal court would render said rule meaningless and without any teeth." *Id.*

The court finds that the facts presented herein are similar to those of the *Farnsworth* and *Bartelli* in that, while it may not have been the intention of Mr. Kotewa in 2008 when he filed a lawsuit in state court to bring a § 1983 civil rights action in federal court, the "unfortunate [but very foreseeable] consequence" of his action being removed to federal court by the defendants occurred and, therefore, the three strike rule applied when the federal court dismissed Mr. Kotewa's case as frivolous. *Bartelli*, 2008 WL 4363645, at *8.

Even so, the plaintiff is not banned from filing actions in federal court. In order to proceed with respect to his present civil rights action in this court, he must submit the full civil filing fee or meet the exception of "imminent serious physical injury." The court has found that the plaintiff failed to establish that he is under threat of "imminent serious physical injury." Thus, the plaintiff must pay the filing fee if he wishes to proceed. As set forth in the court's order of November 18, 2010, the plaintiff has thirty (30) days of the date of service of the court's order to submit the filing fee. (Docket No. 9). The time limit within which the plaintiff may submit the filing fee has not yet expired and, because of the timing of this ruling, the court will grant a further extension to December 30, 2010. The plaintiff remains forewarned that failure to timely submit the filing fee will result in the dismissal of his action, and the assessment of the full filing fee against him anyway.

An appropriate Order shall be entered.

_____
Aleta A. Trauger
United States District Judge